247/13-2996.WK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARY ZAPPA and RANDALL HAHN ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| Vs. ) | NO: 13 CV 06623 |
| ) | |
| OAG MOTORCYCLE VENTURES, INC., d/b/a ) | |
| CITY LIMITS HARLEY DAVIDSON, JEFFREY ) | Honorable Thomas M. Durkin |
| J. SMITH, GARRISON BENNETT, GARY ) | |
| UMANSKY, CARLOS GONZALEZ, Indy. and ) | |
| In his official capacity as a Palatine Police Officer ) | Magistrate Daniel G. Martin |
| and THE VILLAGE OF PALATINE, ) | |
| ) | |
| Defendants. ) | |

### MOTION OF DEFENDANTS, CARLOS GONZALEZ AND VILLAGE OF PALATINE TO DISMISS COUNTS I AND III OF PLAINTIFFS' FIRST AMENDED COMPLAINT

NOW COME the Defendants, CARLOS GONZALEZ and THE VILLAGE OF PALATINE, by and through one of their attorneys, WILLIAM C. BARASHA, JUDGE, JAMES & KUJAWA, LLC, and, pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully pray that this Honorable Court enter an order dismissing Counts I and III of the First Amended Complaint of Plaintiffs, MARY ZAPPA and RANDALL HAHN, for failure to state claims upon which relief can be granted. In support of this motion, these Defendants state as follows unto this Honorable Court.

1. In Count I of their First Amended Complaint, Plaintiffs attempt to state a claim, under 42 USC § 1983, against Village of Palatine Police Officer Carlos Gonzalez for a claimed deprivation of the Plaintiffs' Fourth Amendment rights against unreasonable search and seizure

and for violation of the Plaintiffs' Fourteenth Amendment Rights to procedural due process. (Doc #55, p. 16, pars. 80-81). In Count III of their First Amended Complaint, Plaintiffs attempt to assert a derivative, state law claim against the Village of Palatine for indemnification, under § 9-102 of the Illinois Tort Immunity Act [745 ILCS 10/9-102 (2002)].

2. The sole basis for the claim alleged in Count I of the First Amended Complaint is that Plaintiffs would not have voluntarily surrendered possession of a certain motorcycle, if Officer Gonzalez had not, allegedly, earlier threatened them with arrest for theft [of a certain motorcycle]. (Doc. #55, p. 16, par. 77-78).

3. Count I of the First Amended Complaint must be dismissed for failure to state a plausible claim for relief against Officer Carlos Gonzalez, inasmuch as Count I contains no well-pleaded facts concerning any personal involvement on the part of Officer Gonzalez which proximately and directly caused Plaintiff to be deprived of any constitutional right. There is no allegation that Officer Gonzalez took, confiscated, "repossessed" or "seized" the Plaintiffs' property. Indeed, on the basis of the facts (but not mere conclusions) contained in the Plaintiffs' First Amended Complaint and Exhibit A attached thereto [Doc. 55-1, pp. 2-3], Officer Gonzalez did nothing more than respond to City Limits Harley-Davidson in reference to a report of a stolen auto and follow-up on that reported theft by contacting Plaintiff Hahn (by telephone).[1] As revealed by the information contained in Defendants' Exhibit 1, attached hereto, Officer Gonzalez would have had probable cause to arrest Plaintiff Kahn for the offense of theft, under 720 ILCS 5/16-1 (2012). And, even if Officer Gonzalez had threatened Plaintiff Hahn with arrest, as Plaintiffs' allege in their First Amended Complaint, any such threatened arrest would

---

[1] Because Plaintiffs had attached a certain two-page Incident Report as Exhibit A to their First Amended Complaint, these Defendants attach hereto and make part hereof Officer Gonzalez' complete and entire *three-page* Incident Report which includes a bill of sale, signed by Plaintiff Randall Hahn, for his purchase of a certain 1997 Harley (motorcycle). See, Exhibit 1, attached hereto

l:\main29\2996\pleadings (not filed stamped)\word documents\mtd.ac.7.10.14.docx

have been based upon probable cause therefor, despite Plaintiff Hahn's protestations of innocence or his claim of having been the victim of a "bait and switch" tactic.

4. In regard to the Plaintiffs' Count I, Fourteenth Amendment claim for deprivation of property without due process, no such claim can be stated against Officer Gonzalez, inasmuch as Plaintiffs possess, and still possess, adequate and available state law remedies to seek redress for the claimed deprivation of their property.

5. On the basis of the well-pleaded facts (but not the pure conclusions of fact and law) set forth in the First Amended Complaint, Officer Carlos Gonzalez is entitled to dismissal of, and judgment in his favor on, the claim alleged in Count I of Plaintiffs' First Amended Complaint on the basis of official, qualified immunity from suit for money damages. For, Officer Gonzalez performed no act which violated any clearly-established statutory or constitutional right of Plaintiff Mary Zappa and/or Randall Hahn, of which a reasonable person would have known.

6. Inasmuch as Count I of the First Amended Complaint brought against Officer Carlos Gonzalez must be dismissed, the derivative claim alleged in Count III against the Village of Palatine for indemnification, must likewise be dismissed.

WHEREFORE, Defendants, CARLOS GONZALEZ and the VILLAGE OF PALATINE, respectfully pray that this Honorable Court enter an order dismissing the claims alleged in Counts I and III of the First Amended Complaint of Plaintiffs Mary Zappa and Randall Hahn.

Respectfully submitted

/s/ *William C. Barasha*
WILLIAM C. BARASHA, Arty No. 3123158
JUDGE, JAMES & KUJAWA, LLC
Attorneys for Defendants CARLOS GONZALEZ
and THE VILLAGE OF PALATINE

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys of record herein, hereby certifies that the foregoing Defendants' Motion to Dismiss Counts I and III of Plaintiff's First Amended Complaint was electronically filed with the Clerk of the U. S. District Court using the CM/ECF System, which will send notification of such filing to the following:

>Allison Amy Crumhorn
>Michael S. Hillocky
>Stacy Michelle Bardot
>Lance A. Raphael
>The Consumer Advocacy Center, P.C.
>180 West Washington Street, Ste. 700
>Chicago, Illinois   60602
>Allison@caclawyers.com
>mike@caclawyers.com
>stacy@caclawyers.com
>lance@caclawyers.com
>
>David G. Wix
>Kevin T. Mocogni
>Tarpey Wix LLC
>225 W. Wacker Dr., Ste. 1515
>Chicago, Illinois   60606
>dwix@tarpeywix.com
>kmocogni@tarpeywix.com

Dated: July 10, 2014

/s/ *William C. Barasha*
WILLIAM C. BARASHA, 3123158
JUDGE, JAMES & KUJAWA, LLC.
One of the Attorneys for Defendants
CARLOS GONZALEZ and THE VILLAGE
OF PALATINE

EXHIBIT 1

# PALATINE POLICE DEPARTMENT — INCIDENT REPORT

| OCCURRED ON OR BETWEEN | MO. | DAY | YR. | DAY WK. | TIME | BEAT | GEO CODE | REPORT NUMBER |
|---|---|---|---|---|---|---|---|---|
| | 07 | 19 | 13 | FRI | 1200 | 8170 | | 13-12341 |
| AND | 07 | 22 | 13 | MON | 1100 | | | |
| REPORTED | 07 | 24 | 13 | WED | 1752 | PAGE 1 OF 2 | OFFENSE OR INCIDENT/CLASSIFICATION: CUSTOMER MANAGEMENT DISPUTE | |

**LOCATION OF INCIDENT:** 2015 N. RAND ROAD
**FIRM NAME IF BUSINESS:** CITY LIMITS HARLEY-DAVIDSON

**VICTIM'S NAME (LAST, FIRST, MI):** SMITH, JEFFREY J.
**RES. OR BUSINESS ADDRESS:** 2015 N. RAND ROAD
**CITY:** PALATINE
**RESIDENCE PHONE:** C-847-987-0919
**BUSINESS PHONE:** 847-348-6101
**SEX RACE:** M/W
**DOB:** 08/14/59
**OCCUPATION:** GENERAL MANAGER

**WITNESS NAME (LAST, FIRST, MI):** HAHN, RANDALL R.
**RES. OR BUSINESS ADDRESS:** 607 CHESTERFIELD LANE
**CITY:** BARRINGTON
**RESIDENCE PHONE:** 847-421-3960
**SEX RACE:** M/W
**DOB:** 08/24/54

**NARRATIVE:**

I WAS DISPATCHED TO 2015 N. RAND ROAD (CITY LIMITS HARLEY-DAVIDSON) IN REFERENCE TO A REPORT OF A STOLEN AUTO.

UPON MY ARRIVAL, I SPOKE WITH GENERAL MANAGER, JEFFREY J. SMITH, M/W, 081459. JEFFREY ADVISED THAT ON FRIDAY, 07/19/13, THEY SOLD A MOTORCYCLE (1997 BLACK, HARLEY-DAVIDSON, MODEL FLHTC, VIN 1HD1FFR1XVY611761) TO RANDALL HAHN. RANDALL WAS SCHEDULED TO PICK UP THE MOTORCYCLE ON MONDAY, 07/24/13, BECAUSE THEY NEEDED TO 'DEALER PREP' THE MOTORCYCLE. JEFFREY ARRIVED ON MONDAY, PAID THE REMAINING BALANCE ON THE MOTORCYCLE, AND LEFT WITH A DIFFERENT MOTORCYCLE (2004 BLACK HARLEY-DAVIDSON, MODEL FLHTCU1, VIN 1HD1FCW114Y632418). JEFFREY ADVISED THEY HAVE NO IDEA HOW HE LEFT WITH THE WRONG MOTORCYCLE AND THEY BECAME AWARE OF IT WHEN RANDALL CALLED THEM AND TOLD THEM THE VIN ON THE MOTORCYCLE WAS DIFFERENT FROM THE VIN ON THE BILL OF SALE. A COPY OF THE BILL OF SALE IS ATTACHED TO THE REPORT. RANDALL WAS ADVISED THAT HE TOOK THE WRONG MOTORCYCLE AND HE NEEDED TO BRING IT BACK. RANDALL REFUSED TO BRING IT BACK AND CLAIMED HE BOUGHT THE MOTORCYCLE HE HAD. JEFFREY STATED THAT AFTER SEVERAL ATTEMPTS TO HAVE RANDALL RETURN THE MOTORCYCLE HE DECIDED TO CALL THE POLICE TO FILE A POLICE REPORT. JEFFREY STATED HE JUST WANTED THE MOTORCYCLE RETURNED, AND HE STATED RANDALL COULD HAVE THE MOTORCYCLE HE ACTUALLY BOUGHT.

RANDALL ADVISED THAT HE BOUGHT A MOTORCYCLE FROM HARLEY DAVIDSON. RANDALL STATED THE 2004 MOTORCYCLE HE TOOK FROM THE DEALERSHIP IS THE ONE HE BOUGHT. RANDALL DENIED BUYING THE 1997 MOTORCYCLE AND ACCUSED THE DEALERSHIP OF A BAIT AND SWITCH TACTIC. RANDALL STATED HE NEVER TEST DROVE THE 1997 MOTORCYCLE AND HE NEVER WANTED TO BUY IT. RANDALL DID ADMIT TO SIGNING THE BILL OF SALE BUT HE STATED HE NEVER REALIZED THAT ALL THE INFORMATION WAS INCORRECT.

I AM AWARE THAT IT IS UNLAWFUL TO MAKE A FALSE REPORT TO A POLICE OFFICER. I AFFIRM THAT THE ABOVE INFORMATION IS TRUE TO THE BEST OF MY KNOWLEDGE.

**VICTIM/REPORTING PARTY SIGNATURE:** X

**REPORTING OFFICER:** GONZALEZ  **NO.:** 208

**ORIGINAL REPORT**

**PALATINE POLICE DEPARTMENT**                    **CONTINUATION SHEET**

CONTINUATION OF A CUSTOMER MANAGEMENT DISPUTE REPORT
(OFFENSE/INCIDENT CLASSIFICATION)

PAGE OF: 2 2  REPORT NUMBER: 13-12341

USE AS NARRATIVE SUMMARY WITH OFFENSE, WORTHLESS DOCUMENT, INCIDENT AND INVESTIGATIVE ACTION REPORTS. IF INFORMATION IS AN EXTENSION OF A REPORT BLOCK, ENTER BLOCK NUMBER AT LEFT.

RANDALL AGREED TO BRING THE MOTORCYCLE BACK TO THE DEALERSHIP AND STATED HE WOULD CALL JEFFREY TO ARRANGE A TIME TO RETURN THE MOTORCYCLE.

AT 2128 HOURS, I SPOKE WITH LAKE ZURICH POLICE OFFICER MARK FREY. OFFICER FREY ADVISED THAT RANDALL ARRIVED AT THEIR POLICE DEPARTMENT TO DROP OFF THE MOTORCYCLE. RANDALL STATED THAT HE DID NOT WANT TO DRIVE TO THE DEALERSHIP AND HE WAS LEAVING THE MOTORCYCLE THERE. OFFICER FREY CONFIRMED THE VIN ON THE MOTORCYCLE.

I RESPONDED TO THE LAKE ZURICH POLICE DEPARTMENT. OFFICER FREY ADVISED THAT RANDALL LEFT PRIOR TO MY ARRIVAL AND HE LEFT THE MOTORCYCLE IN THE PARKING LOT.

AT 2200 HOURS, JEFFREY ARRIVED AT THE LAKE ZURICH POLICE DEPARTMENT. THE MOTORCYCLE WAS TURNED OVER TO JEFFREY AND HE LEFT WITH THE MOTORCYCLE.

CASE STATUS - CLOSED

**ORIGINAL REPORT**

# Bill of Sale
## CITY LIMITS HARLEY-DAVIDSON
2015 N. RAND ROAD • PALATINE, IL 60074
Phone: (847) 358-2122 • Fax: (847) 358-5681

CUSTOMER NO. 5345
INVOICE NO. ___

PURCHASER'S NAME: HAHN, RANDALL
BIRTH DATE: 08 24 54
DATE OF PURCHASE: 07 19 13

LEGAL ADDRESS: 607 CHESTERFIELD LN
CITY: BARRINGTON  STATE: IL  ZIP: 60010  COUNTY: LAKE

DRIVER'S LICENSE NUMBER: ___
LAST YEAR'S LICENSE PLATE NO.: ___
HOME PHONE: ___
BUSINESS PHONE: ___

**I AGREE TO PURCHASE FROM DEALER**
- MAKE: XX HARLEY (USED)
- YEAR: 1997
- MODEL: FLHTC
- COLOR: BLACK
- NO. CYL: 0
- CCM PISTON DISP: 0
- STOCK #: 0C2-294
- VIN #: 1HD1FFR1XVY611761
- ENGINE NO.: ___
- MILEAGE: 80000
- TO BE DELIVERED ABOUT: 07 19 20 13

| Item | Amount |
|---|---|
| | $6500.00 |
| Freight | $0.00 |
| Total Parts/Accessories | $0.00 |
| R/O Certificate | $0.00 |
| Tire & Wheel Warranty | $0.00 |
| Pre-paid Maintenance | $0.00 |
| Apparel | $0.00 |
| CVR Fee | $25.00 |
| Sub Total | $6,525.00 |
| Trade Equity | $0.00 |
| Taxable Total | $6,525.00 |
| Tax | $506.36 |
| Dealer Prep | $295.00 |
| License Fees | $136.00 |
| Service Contract | $0.00 |
| Insurance | $0.00 |
| Doc Fees | $164.30 |
| **TOTAL CASH PRICE** | **$7,626.66** |
| DEPOSIT | $1626.66 |
| BALANCE DUE | $6,000.00 |

**TRADE IN**
- MAKE: ___
- MODEL YR.: ___
- BODY STYLE: MC
- VEHICLE SERIAL OR IDENTIFICATION NO.: ___
- ENGINE NO.: ___
- MILEAGE: ___

SPECIAL INSTRUCTIONS / ACCESSORIES

☐ NO LIEN
☒ LIEN (NAME, ADDRESS)

**ALL SALES ARE FINAL, AND DEPOSITS ARE NON-REFUNDABLE**

THE PURCHASER HEREBY CERTIFIES THAT HE/SHE IS OF LEGAL AGE. UPON FAILURE OR REFUSAL OF THE PURCHASER TO COMPLETE THIS AGREEMENT FOR ANY REASON ALL DEPOSITS MAY BE RETAINED AS LIQUIDATED DAMAGES. THE FRONT AND BACK OF THIS ORDER COMPROMISE THE ENTIRE AGREEMENT AFFECTING THIS PURCHASE AND NO OTHER AGREEMENT OR UNDERSTANDING OF ANY NATURE CONCERNING SAME HAS BEEN MADE OR ENTERED INTO, OR WILL BE RECOGNIZED. I HEREBY CERTIFY THAT NO CREDIT HAS BEEN EXTENDED TO ME FOR THE PURCHASE OF THIS MOTOR VEHICLE EXCEPT AS APPEARS IN WRITING ON THE FACE OF THIS AGREEMENT. I HAVE READ THE MATTER PRINTED ON THE BACK HEREOF AND AGREE TO IT AS A PART OF THIS ORDER THE SAME AS IF IT WERE PRINTED ABOVE MY SIGNATURE. PURCHASER HEREBY ACKNOWLEDGES RECEIPT OF A COPY OF THIS ORDER.

PURCHASER SIGNATURE: x Randall Hahn
DATE: 7/19/2013

APPROVED: _____
DEALER: City Limits H-D
SALESMAN: CHIP

**DEALER'S COPY**